COBB, Judge.
On June 30, 1993, the appellant, Michael Henry Thomas, was convicted of rape in the first degree and was sentenced as a habitual felony offender to life in prison without parole. The appellant’s direct appeal was affirmed by unpublished memorandum and the certificate of judgment was issued on September 2, 1994. On March 14, 1995, the appellant filed a motion requesting that he be declared indigent and be allowed to proceed *848 in forma pauperis in a Rule 32, Ala.R.Crim. App. proceeding. On May 22, 1995 the appellant filed a document styled as a “Motion for Discovery in Anticipation of Litigation” in the Circuit Court of Jefferson County, alleging that the appellant was preparing a Rule 32 petition and that he needed the official incident report to complete his petition. The motion alleged that the custodian of records for the Birmingham Police Department, Lt. Henry E. Willis, had informed the appellant that the police department would not provide the appellant with a copy of the official incident report unless the circuit court issued a subpoena duces tecum. On June 16, 1995, the trial court, treating the discovery motion as a Rule 32 petition, summarily denied the motion and noted that a Rule 32 petition filed by the appellant had already been denied on May 25, 1995, when the appellant filed his motion asking to be declared indigent. C.R. 1, 9. Apparently the trial court had also treated the appellant’s motion to proceed in forma pauperis filed on March 14, 1995, as a Rule 32 petition. On June 2,1995, the appellant filed a motion to dismiss his discovery motion, apparently anticipating that ultimately his Rule 32 petition would be deemed successive. C.R. 26.
The appellant contends on appeal the trial court erred in interpreting his discovery motion as a Rule 32 petition. The appellant argues that in researching his Rule 32 petition he discovered that the incident report was not in the trial transcript, in his trial counsel’s possession, or in the circuit clerk’s office and that the incident report is “pertinent to his case.” (Appellant’s brief). The appellant argues that he complied with the police officer’s instructions to acquire a copy of the report by filing a discovery motion. According to the appellant, this motion could not possibly be construed as a Rule 32 petition. We agree. We are aware that Rule 32.4, Ala.R.Crim.P., cited by the State, states:
“A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Rules of Criminal Procedure, except that the trial court in its sole discretion may allow the taking of depositions for discovery or for use at trial.”
Here, the appellant’s discovery motion was not “seeking relief from a conviction or sentence.” The appellant’s motion clearly states that the appellant “is preparing a Rule 32 petition and cannot complete said petition without the requested material.” C.R. 24. This motion should not have been construed as a Rule 32 petition. Likewise, the appellant’s motion to proceed in forma pauperis cannot be construed as a Rule 32 petition because it was not seeking relief from his conviction or sentence. The appellant filed a “supplemental brief’ on appeal, arguing for the first time that the trial court erred in construing his motion to proceed in forma pauperis as a Rule 32 petition. C.R. 9. The record is not clear in this matter. While the record contains an order dated March 27, 1995, stating: “Def. deemed indigent for R 32 purposes,” (C.R. 9), it also appears that this petition may have been treated as a Rule 32 petition. R. 1, 9.
We find that neither motion should have been treated as a Rule 32 petition. Neither motion requested relief from his conviction. The trial court erred in ruling that the appellant’s motion for discovery was a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P.; therefore, we dismiss this appeal and remand this case to the trial court with instructions to address the merits of the appellant’s motion for discovery filed May 22, 1995. The appellant may file a new appeal if necessary challenging the trial court’s ruling on the motion to dismiss. We also instruct the trial court to clarify its ruling on the appellant’s motion to proceed in forma pau-peris.
REVERSED AND REMANDED.
All the Judges concur.